# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELVIN DAVIS, individually, and on behalf of all others similarly situated, | )<br>)<br>) Case No:<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL COMPLAINT<br>)<br>) |
| TRANSUNION, LLC., | )<br>)<br>) |
| Defendant. | ) |

Plaintiff, Elvin Davis (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. With this action, Plaintiff seeks to hold Defendant responsible for the harms it caused Plaintiff in a massive and preventable data breach of Defendant's inadequately protected computer network.

## PARTIES

2. Plaintiff is a natural person who at all relevant times has resided in Fresno, California, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

3. Defendant TransUnion, LLC., ("RGS" or "Defendant"), is a corporation that regularly conducts business in California with its corporate headquarters located at 555 West Adams Street, Chicago, IL 60661.

## FACTUAL STATEMENT

4. At some point in 2025, on a date better known by Defendant, hackers infiltrated and accessed the inadequately protected systems of Defendant TransUnion, LLC and stole the sensitive personal information ("Personal Information" or "PII") of thousands of individuals.

5. The PII taken by the hackers includes: names, addresses, dates of birth, and Social Security numbers.

6. In short, thanks to Defendant's failure to protect the Breach Victims' Personal Information, cyber criminals were able to steal sufficient information to commit nearly every conceivable form of identity theft and wreak havoc on the financial and personal lives of potentially millions of individuals.

7. Defendant's conduct—failing to implement adequate and reasonable measures to ensure their computer systems were protected, failing to take adequate steps to prevent and stop the breach, failing to timely detect the breach, failing to disclose the material facts that they did not have adequate computer systems and security practices to safeguard the Personal Information, failing to honor their repeated promises and representations to protect the Breach Victims' Personal Information, and failing to provide timely and adequate notice of the Data Breach—caused substantial harm and injuries to Plaintiff.

8. As a result of the Data Breach, Plaintiff has suffered damages. Now that the Personal Information has been released into the criminal cyber domains, Plaintiff is at imminent risk of identity theft. This risk is likely to continue, which will require Plaintiff to constantly remain vigilant in order to prevent being victimized for years to come.

9. Plaintiff brings this lawsuit to hold Defendant responsible for its negligent and reckless failure to use reasonable, current cybersecurity measures to protect Plaintiff's Personal Information.

10. Because Defendant presented such a soft target to cybercriminals, Plaintiff has already been subjected to violations of their privacy, fraud, and identity theft, or have been exposed to a heightened and imminent risk of fraud and identity theft. Plaintiff must now and in the future,

spend time to more closely monitor his credit reports, financial accounts, phone lines, and online accounts to guard against identity theft.

11. Plaintiff has also incurred out-of-pocket costs for, among other things, purchasing credit monitoring services, credit freezes, credit reports, or other protective measures to deter and detect identity theft.

12. Plaintiff seeks actual damages, statutory damages, and punitive damages, with attorney fees, costs, and expenses under negligence, negligence per se, breach of fiduciary duties, breach of confidence, breach of implied contract, and invasion of privacy. Plaintiff also seeks injunctive relief, including significant improvements to Defendant's data security systems, future annual audits, and long-term credit monitoring services funded by Defendant, and other remedies as the Court sees fit.

## CLASS ACTION ALLEGATIONS

### The Class

13. Plaintiff seeks certification of the class, initially defined as follows:

   **Nationwide Class:** **All consumers that had their data compromised during the 2025 data breach.**

   **California Subclass:** **All California consumers that had their data compromised during the 2025 data breach.**

14. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

15. Upon information and belief, Defendant has disclosed PII concerning thousands of consumers throughout the United States, each of which violates those consumers' rights. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

16. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

17. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant failed to adequately protect the information it held in its system; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

18. Plaintiff's claims are typical of the claims of the members of the Class , and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

19. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the Class Action as sought herein.

### **Proceeding Via Class Action is Superior and Advisable**

20. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

21. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a Class Action.

22. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

23. A Class Action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

24. Absent a Class Action, the members of the Class will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

25. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**NEGLIGENCE**
**(On behalf of the Nationwide Class)**

26. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

27. Defendant solicited, gathered, and stored the Personal Information of Plaintiff.

28. Defendant knew, or should have known, of the risks inherent in collecting and storing the Personal Information of Plaintiff and the importance of adequate security.

29. Defendant was well aware of the fact that hackers routinely attempted to access Personal Information without authorization. Defendant also knew about numerous, well publicized data breaches wherein hackers stole the Personal Information from companies who held or stored such information.

30. Defendant owed duties of care to Plaintiff whose Personal Information was entrusted to it. Defendant's duties included the following:

    a. To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the Personal Information in its possession;

    b. To protect the Personal Information in its possession using reasonable and adequate security procedures and systems;

    c. To adequately and properly train its employees to avoid phishing emails;

    d. To use adequate email security systems, including DMARC enforcement and Sender Policy Framework enforcement, to protect against phishing emails;

    e. To adequately and properly train its employees regarding how to properly and securely transmit and store Personal Information;

    f. To train its employees not to store Personal Information in their email inboxes longer than absolutely necessary for the specific purpose that it was sent or received;

    g. To implement processes to quickly detect a data breach, security incident, or intrusion; and

    h. To promptly notify Plaintiff and Class members of any data breach, security incident, or intrusion that affected or may have affected their Personal Information.

31. Because Defendant knew that a security incident, breach or intrusion upon its systems would potentially damage thousands of consumers whose information Defendant held, including Plaintiff, it had a duty to adequately protect their Personal Information.

32. Defendant owed a duty of care not to subject Plaintiff and the Class to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

33. Defendant knew, or should have known, that its security practices and computer systems did not adequately safeguard the Personal Information of Plaintiff.

34. Defendant breached its duties of care by failing to provide fair, reasonable, or adequate computer systems and security practices to safeguard the Personal Information of Plaintiff.

35. Defendant breached its duties of care by failing to provide prompt notice of the Data Breach to the persons whose personal information was compromised.

36. Defendant acted with reckless disregard for the security of the Personal Information of Plaintiff because Defendant knew or should have known that their computer systems and data security practices were not adequate to safeguard the Personal Information that it collected and stored, which hackers were attempting to access.

37. Defendant acted with reckless disregard for the rights of Plaintiff by failing to provide prompt and adequate notice of the data breach so that they could take measures to protect themselves from damages caused by the fraudulent use of Personal Information compromised in the Data Breach.

38. Defendant also had independent duties under federal and state law requiring them to reasonably safeguard Plaintiff's Personal Information and promptly notify them about the Data Breach.

39. As a direct and proximate result of Defendant's negligent conduct, Plaintiff has suffered damages and remains at imminent risk of further harm.

40. The injury and harm that Plaintiff has suffered (as alleged above) was reasonably foreseeable.

41. The injury and harm that Plaintiff suffered (as alleged above) was the direct and proximate result of Defendant's negligent conduct.

42. Plaintiff has suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT II
## NEGLIGENCE PER SE
### (On behalf of the Nationwide Class)

43. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

44. Pursuant to the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, Defendant had a duty to provide fair and adequate computer systems and data security to safeguard the Personal Information of Plaintiff.

45. The FTCA prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect Personal Information. The FTC publications and orders described above also formed part of the basis of Defendant's duty in this regard.

46. Defendant solicited, gathered, and stored the Personal Information of Plaintiff as part of its business of collecting on debts.

47. Defendant violated the FTCA by failing to use reasonable measures to protect the Personal Information of Plaintiff and not complying with applicable industry standards, as described herein.

48. Defendant breached its duties to Plaintiff under the FTCA and other state data security and privacy statutes by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Breach Victim's Personal Information.

49. Defendant's failure to comply with applicable laws and regulations constitutes negligence per se.

50. Plaintiff are within the class of persons that the FTCA was intended to protect.

51. The harm that occurred as a result of the Data Breach is the type of harm the FTCA, the state data breach privacy statutes were intended to guard against.

52. Defendant breached its duties to Plaintiff under these laws by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiff's Personal Information.

53. Defendant breached their duties to Plaintiff by negligently and unreasonably delaying and failing to provide notice expeditiously and/or as soon as practicable to Plaintiff of the Data Breach.

54. Defendant's violation of the FTCA, state data security statutes, and/or the state data breach notification statutes constitute negligence per se.

55. As a direct and proximate result of Defendant's negligence per se, Plaintiff has suffered, and continues to suffer, damages arising from the Data Breach by, inter alia, having to spend time

reviewing his accounts and credit reports for unauthorized activity; spend time and incur costs to place and re-new a "freeze" on his credit; be inconvenienced by the credit freeze, which requires him to spend extra time unfreezing their account with each credit bureau any time he wants to make use of his own credit; and becoming a victim of identity theft, which may cause damage to their credit and ability to obtain insurance, medical care, and jobs.

56. The injury and harm that Plaintiff suffered was the direct and proximate result of Defendant's negligence per se.

## COUNT III
## INVASION OF PRIVACY
**(On behalf of the Nationwide Class)**

57. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

58. Plaintiff had a legitimate expectation of privacy regarding the PII and was accordingly entitled to the protection of this information against disclosure to unauthorized third parties.

59. Defendant owed a duty to Plaintiff to keep the PII confidential.

60. Defendant affirmatively and recklessly disclosed Plaintiff's PII to unauthorized third parties.

61. The unauthorized disclosure and/or acquisition (i.e., theft) by a third party of Plaintiff's PII is highly offensive to a reasonable person.

62. Defendant's reckless and negligent failure to protect Plaintiff's PII constitutes an intentional interference with Plaintiff's interest in solitude or seclusion, either as to their person or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

63. In failing to protect Plaintiff's PII, Defendant acted with a knowing state of mind when it permitted the Data Breach because it knew its information security practices were inadequate.

64. Because Defendant failed to properly safeguard Plaintiff's PII, Defendant had notice and knew that its inadequate cybersecurity practices would cause injury to Plaintiff.

65. Defendant knowingly did not notify Plaintiff in a timely fashion about the Data Breach.

66. As a proximate result of Defendant's acts and omissions, Plaintiff's private and sensitive PII was stolen by a third party and is now available for disclosure and redisclosure without authorization, causing Plaintiff to suffer damages.

67. Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff since the PII is still maintained by Defendant with their inadequate cybersecurity system and policies.

68. Plaintiff has no adequate remedy at law for the injuries relating to Defendant's continued possession of their sensitive and confidential records. A judgment for monetary damages will not end Defendant's inability to safeguard Plaintiff's PII.

69. Plaintiff, seeks injunctive relief to enjoin Defendant from further intruding into the privacy and confidentiality of Plaintiff's PII.

70. Plaintiff, seeks compensatory damages for Defendant's invasion of privacy, which includes the value of the privacy interest invaded by Defendant, the costs of future monitoring of their credit history for identity theft and fraud, plus prejudgment interest, and costs.

### COUNT IX – CALIFORNIA UNFAIR COMPETITION LAW
**California Business & Professions Code § 17200,** *et seq.*
**(On behalf the California Subclass Members)**

71. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

72. The California Unfair Competition Law ("UCL"), as defined in Cal. Bus. & Prof. Code § 17200 *et seq.*, prohibits "any unlawful, unfair or fraudulent business act or practice …"

73. Defendant, Plaintiff, and the California Subclass Members are each a "person" under the UCL, which includes "natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." *See* Cal. Bus. & Prof. Code § 17201.

74. Defendant's conduct violated all three prongs of § 17200 through its (1) unlawful, (2) unfair, and (3) fraudulent business acts or practices.

### Unlawful

75. Defendant's business acts or practices were unlawful in that they violated at least the CCPA, as alleged hereinabove at Count VII and CCRA, alleged hereinabove at Count VIII.

### Unfair

76. As alleged hereinabove, Defendant failed to act with reasonable care to secure and safeguard the PII of Plaintiff and the California Subclass Members. Defendant's conduct was thus immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

77. Defendant's conduct was also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one consumers, themselves, can reasonably avoid.

### Fraudulent

78. Defendant had a duty to keep the Personal Information of Plaintiff and the California Subclass Members safe and secure under the various laws and regulations discussed hereinabove.

79. Defendant failed to adequately protect and secure the Personal Information and failed to comply with its obligations to protect and secure the Personal Information.

80. Defendant failed to comply with industry standards for the protection and security of the Personal Information.

81. Defendant failed to comply with its own Privacy Policy and practices relating to the protection and security of the Personal Information.

82. Defendant failed to disclose that it did not have adequate security practices in place to safeguard the Personal Information.

83. Criminals were able to access the Personal Information through the Data Breach.

84. Defendant had a duty to timely notify its clients, including Plaintiff and the California Subclass Members, including under Cal. Civ. Code § 1798.82(b), a California Security Breach statute.

85. Defendant failed to timely notify its customers, including Plaintiff and the California Subclass Members, of the Data Breach.

86. The aforementioned actions and omissions constitute fraudulent business acts or practices under § 17200.

87. Such acts by Defendant were likely to mislead a reasonable person purchasing and/or using Defendant's services.

88. Said acts are material in that a reasonable person would consider them important in deciding whether to purchase and/or use Defendant's services. If Plaintiff and the California Subclass Members had known that Defendant had inadequate computer systems and data security practices to properly safeguard their PII, they would not have paid for Defendant's services or would have paid less than they did.

89. Pursuant to Cal. Bus. & Prof. Code § 17203, as a direct result of the aforementioned actions by Defendant, Plaintiff and the California Subclass Members seek an order for the restitution of all monies which were unjustly acquired by Defendant through unlawful, unfair and/or fraudulent business acts or practices to the fullest extent available under law. These amounts

are to be determined at trial. Plaintiff and the California Subclass Members also seek reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

90. Pursuant to Cal. Bus. & Prof. Code § 17203, as a direct result of the aforementioned actions by Defendant, Plaintiff and the California Subclass Members also seek an order enjoining Defendants from continuing to conduct business through unfair competition, including:

   a. Ordering that Defendant implement measures that ensure that the PII of Defendant's current and former customers is appropriately encrypted and safeguarded when stored on Defendant's network or systems;

   b. Ordering that Defendant purge, delete, and destroy in a reasonable secure manner PII not necessary for its provision of services;

   c. Ordering that Defendant routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

   d. Ordering Defendant to meaningfully educate its current and former customers about the threats they face as a result of the accessibility of their PII to third parties, as well as the steps Defendant's current and former customers must take to protect themselves.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class Members, seek the following relief:

   A. An order certifying this action as a class action under Fed. R. Civ. P. 23, defining the Class as requested herein, appointing the undersigned as Class

counsel, and finding that Plaintiffs are the proper representatives of the Class requested herein;

B. Awarding declaratory, injunctive and other equitable relief as is necessary to protect the interests of the Class Members; and

C. Awarding Plaintiffs and the Class actual damages, double or treble damages, statutory damages, exemplary damages, equitable relief, restitution, disgorgement of profits, attorney's fees, statutory costs, and such other and further relief as is just and proper.

Dated this September 3rd, 2025

Respectfully Submitted,

/s/ Daniel Zemel
ZEMEL LAW, LLC
660 Broadway
Paterson, New Jersey 07514
T: (862) 227-3106
F: (973) 282-8603
DZ@zemellawllc.com
Attorney for Plaintiff